USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
GCCFC 2006-GG7 WESTHEIMER MALL, LLC,

                          Plaintiff,            MEMORANDUM AND ORDER

          - against -                          07 Civ. 10394(NRB)

EDWARD H. OKUN,

                          Defendant.
------------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Presently before the Court is an unopposed motion for summary

judgment brought by plaintiff GCCFC 2006-GG7 Westheimer Mall, LLC.

For the reasons that follow, the motion is granted.



                          **BACKGROUND**

**A. The Loan and Okun's Guaranty**

     This action arises out of an $86,000,000.00 loan ("the Loan")

made by Greenwich Capital Financial Products, Inc. (the "Original

Lender") to three related companies: IpofA West Oaks Mall, LP;

IpofA West Oaks Master LeaseCo, LP; and IpofA West Oaks Mall

LeaseCo, LP (collectively referred to as "the Borrower Entities").[1]

All the Borrower Entities were owned or controlled by defendant

Edward Okun, a real estate developer.[2]  The Loan was to be used for

--------------------------------

     [1] See Affidavit of Whitney Wheeler in Support of Summary Judgment ¶ 5; Ex.
B [Loan and Security Agreement dated June 22, 2006].

     [2] Okun represented that he owned or controlled each of these entities in
the Loan and Security Agreement dated June 22, 2006.  Wheeler Aff. Ex. B [Loan

a real estate development in Houston, Texas commonly known as the West Oaks Mall.

The Original Lender and Borrower Entities entered into a series of agreements all dated June 22, 2006, including a Loan and Security Agreement,[3] Promissory Note, Fee and Leasehold Deed of Trust, an Assignment of Leases and Rents, Security Agreement and Fixture Filing, and Exceptions to Non-Recourse Guaranty (collectively "the Loan Documents").

The Exceptions to Non-Recourse Guaranty ("Guaranty") provided that Okun would personally guarantee payments on the loan in the event of a voluntary bankruptcy filing by any of the Borrower Entities.[4] The Original Lender retained complete discretion to collect from Okun the full amount remaining on the Loan, completely independent of any rights it may have against the Borrower Entities, the Property, or any other entity. Specifically, the Original Lender was not required to pursue Borrower or any other guarantor before Okun,[5] nor foreclose on the property.[6] Finally,

---

and Security Agreement].

[3] Wheeler Aff Ex. B.

[4] Wheeler Aff. Ex. A at ¶2(a)("Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Lender the full and prompt payment, when due, whether at maturity or earlier, by reason of acceleration or otherwise, and at all times thereafter, and the full and prompt performance when due, of all of the following: (a) The Indebtedness in the event of (i) a voluntary bankruptcy filing or other similar event by any Borrower.").

[5] Wheeler Aff. Ex. A at ¶¶ 5,11 ("Guarantor also waives to the fullest extent permitted by law, all rights to require Lender to (a) proceed against Borrower or any other guarantor of Borrower's payment or performance with respect

Okun specifically waived any defense of election of remedies that he might otherwise have against the Original Lender.[7]

The Loan Documents were assigned by the Original Lender to another entity, and then eventually to plaintiff herein, GCCFC 2006 GG7 Westheimer Mall, LLC, on August 9, 2007.[8]

## B. Default on the Loan

Beginning in June, 2007, the Borrower Entities ceased making monthly payments on the loan.[9] After a series of notices, the debt was accelerated and a foreclosure sale was scheduled for September 4, 2007.[10]

---

to the Indebtedness . . . (d) pursue any other remedy it may now or hereafter have against Borrower . . or (e) resort to any other means of obtaining payment of Guarantor's obligations under this Guaranty.").

[6] Wheeler Aff. Ex. A at ¶ 6(a).

[7] Wheeler Aff. Ex. A at ¶ 7 ("Guarantor also waives any right or defense based upon an election of remedies by Lender, even though such election . . . destroys or otherwise impairs the subrogation rights of Guarantor or the right of Guarantor . . . to proceed against Borrower for reimbursement, or both.").

[8] The Loan Documents were initially assigned from the Original Lender to LaSalle Bank National Association in its capacity as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2006-GG7 Commercial Mortgage Pass-Through Certificates, Series 2006-GG7 ("the Trust"), and then assigned from the Trust to GCCFC 2006 GG7 Westheimer Mall, LLC, plaintiff herein, by an Assignment of Deed and Trust and Other Loan Documents dated August 9, 2007. Wheeler Aff. ¶¶ 9-10, Ex. E-F. The assignments themselves did not include the Guaranty. However, the Guaranty explicitly set forth that the Guaranty followed the promissory note. Wheeler Aff. Ex. A ¶ 16 ("[T]he term 'Lender' shall include, in addition to Lender, any lawful owner, holder or pledgee of the Note.").

[9] Wheeler Aff. ¶ 11.

[10] Wheeler Aff. ¶ 12; Affidavit of Mark L. Patterson ¶¶ 4-6; Ex. O, P, Q.

However, in an attempt to give Okun time to secure workout financing, plaintiff entered into a Forbearance Agreement with Okun and the Borrower entities, dated August 31, 2007. Under the Forbearance Agreement, plaintiff agreed to delay the foreclosure sale until after October 1, 2007, while Okun agreed to attempt to obtain financing and the Borrower Entities agreed to refrain from filing for bankruptcy.[11]

While the Borrower Entities managed to make certain payments at this time, they failed to pay the full accelerated amount, and, in violation of the Forbearance Agreement, all three companies filed for Chapter 11 Bankruptcy on October 2, 2007.[12] To date, plaintiff has filed proofs-of-claim in the Bankruptcy Court, but the court has not yet ruled on the viability of the  claims.[13]

### C. The Instant Suit

On November 11, 2007 plaintiff filed the instant suit claiming that Okun has failed to pay the accelerated amount due on the Loan.

---

[11] Wheeler Aff. ¶ 14; Ex. G [Forbearance Agreement].

[12] Wheeler Aff. ¶¶ 13, 15; Exs. H, I, J. The petitions were filed in the United States Bankruptcy Court for the Easter District of Virginia.

[13] Wheeler Aff. ¶ 17. The trustee in the bankruptcy proceedings has permitted plaintiff to draw from certain rents and receipts held in suspense in a Clearing Account in order to make the Borrower Entities' adequate assurance payments. Id. (The Clearing Account is described in Article VII of the Loan and Security Agreement dated June 22, 2006.) These amounts are not included in the amount sought to be recovered from Okun.

On Okun's request, this Court granted him until February 5, 2008 to file his Answer.  Okun mailed an Answer dated January 31, 2008 to plaintiff's counsel.  Okun's Answer asserts three affirmative defenses: (1) that plaintiff failed to attach to the complaint a full copy of all documents relating to the Guaranty (which Okun alleges limit his liability to certain events which have not occured); (2) that defendant is entitled to a set-off for all amounts that it collects in the bankruptcy proceedings;[14] and (3) that plaintiff has elected its remedies by pursuing its claims against the Borrower in the bankruptcy proceedings.

This Court scheduled an initial pre-trial conference on April 30, 2008, at which Okun failed to appear.  Upon information and belief, Okun is currently incarcerated at the Northern Neck Regional Jail in Warsaw, Virginia.

Plaintiff moved for summary judgment on June 9, 2008. Plaintiff served the motion papers on Okun by certified mail at his last known residence, as well as at the Northern Neck Regional Jail.  Plaintiff included the appropriate "Notice to Pro Se Litigant Who Opposes a Summary Judgment," in compliance with Local Civil Rule 56.2, and a Statement of Material Undisputed Facts, in

---

[14] Okun's answer states that "plaintiff is entitled to a setoff for all amounts that it collects in the Bankruptcy Court." However, logically, Okun must have meant that he, Okun, is entitled to a setoff for the amounts plaintiff collects in the Bankruptcy Court.

compliance with Local Civil Rule 56.1.    To date, Okun has not responded to the motion.


## DISCUSSION

### I. Summary Judgment Standard

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 55(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Gallo v. Prudential Residential Srvcs., Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir. 1994).    A court must resolve all ambiguities and draw all reasonable inferences against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and of identifying the matter that "it believes demonstrates the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.    If the moving party meets its burden, the burden shifts to the non-moving party, which "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).


### II. Analysis

## A. Liability

Under New York law,[15] in cases involving debt owed under guaranty obligations, "a plaintiff establishes its *prima facie* entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder." Orix Credit Alliance, Inc. v. Bell Realty, Inc., No. 93 Civ. 4949, 1995 WL 505891, at *3 (S.D.N.Y. Aug. 23, 1995); Valley Nat. Bank v. Greenwich Ins. Co., 254 F.Supp.2d 448, 453 (S.D.N.Y. 2003). See also Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Investors, 510 F.2d 870 (2d Cir. 1975) (summary judgment on note appropriate where no disputed issue of fact existed with respect to execution or non-payment).

Here, plaintiff has shown both execution of the agreements and non-payment.  The Guaranty is clear that Okun was to become personally liable for the full amount of the Loan if Borrower defaulted and entered bankruptcy.  It is equally clear that Borrow did default and enter bankruptcy, thereby triggering Okun's personal responsibility under the Guaranty.

Further, none of Okun's affirmative defenses are availing.  As for the first affirmative defense, plaintiff was not required to attach documentary evidence in its complaint, but rather only a "short and plain statement of the claim showing that the pleader is

---

[15] The Guaranty, at ¶ 23, selects New York law as governing.

entitled to relief."   Fed. R. Civ. P. 8(a)(2).   See Conley v. Gibson, 355 U.S. 41, 103 (1957).[16]

Okun's second affirmative defense - that he is entitled to a setoff for all amounts that the plaintiff collects in the Bankruptcy Court proceedings against the Borrower Entities - pertains not to liability but to the damages calculation.

As for Okun's third affirmative defense, election of remedies, Okun explicitly waived such a defense in the Guaranty: "Guarantor also waives any right or defense based upon an election of remedies by Lender, even though such election . . . destroys or otherwise impairs the subrogation rights of Guarantor or the right of Guarantor to proceed against Borrower for reimbursement, or both."[17] Moreover, New York law provides that a lender's pursuit of bankruptcy claims against a borrower does not impair the lender's rights to pursue a guarantor.   See, e.g., First Nat. Bank of Highland v. Burley, 162 A.D.2d 910, 558 N.Y.S.2d 250, 251 (3d Dep't. 1990).

Finally, we note that there is no requirement in Fed. R. Civ. P. 56 that any discovery take place before summary judgment is granted, and a plaintiff may move for summary judgment as soon as 20 days have passed since commencement of the action.   Valley Nat.

---

[16] We note further that the Guaranty contains a merger clause, at Clause 17, which makes the Guaranty and Loan Documents the final agreement of the parties, and disallows evidence of prior, contemporaneous, or subsequent oral agreements. Wheeler Aff. Ex. A ¶ 17.

[17] Wheeler Aff. Ex. A ¶ 7.

Bank, 254 F.Supp.2d at 454, 463.  In sum, plaintiff has so moved, and we find that there are no triable issues of fact.


**B. Damages**

Summary judgment may be granted on damages where there is no fact dispute as to the amount of damages.  In re Livenet, Inc. Noteholders Securities Lit., 355 F.Supp.2d 722, 738 (S.D.N.Y. 2005).  Here, under the express terms of the Loan and Security Agreement and the Guaranty, plaintiff is entitled to damages from Okun for all unpaid debt, interest, penalties and costs associated with the Loan.  See Loan and Security Agreement at § 8.2(b); Guaranty ¶¶ 1-3.[18]

As reflected in the Statement of Mortgage Debt Payoff Closing Statement ("Closing Statement"),[19] plaintiff is owed $103,501,565.22, as of March 6, 2008.  This amount comprises:

(a) $81,475,472.83 in unpaid principal amount of the Loan;

(b) $2,559,416.20 in unpaid interest, accruing at the contractual per annum interest rate of 7.44% from October 6, 2007 to March 6, 2008 (see Loan and Security Agreement § 1, definition of "Interest Rate");

---

[18] The Loan and Security Agreement and the Guaranty both state that they contain the complete agreement of the parties, and have not been amended or modified in any way. See Loan and Security Agreement at § 13.16; Guaranty ¶ 17.

[19] Wheeler Aff. Ex. N.

(c) $1,720,037.75 in unpaid default interest, accruing at the contractual default rate of 5.00% from October 6, 2007 to March 6, 2008 (see Loan and Security Agreement § 2.2); and

(d) $19,363,261.48 in Late Charges (as defined in the Loan and Security Agreement), penalties, expenses and administrative fees (not including attorneys' fees).

(e) From these amounts, $1,616,623.04 are subtracted from the amount otherwise due, to reflect funds that are currently held in suspense. (These funds consist of rents and other funds received by the plaintiff and held in the Clearing Account, as described in Article VII of the Loan and Security Agreement.)

As an affirmative defense, Okun asserts that he is entitled to a "setoff" for the amounts that may eventually be recovered by the plaintiff in the bankruptcy court. Of course, plaintiff is not entitled to a double recovery. However, at present, Okun is not entitled to an offset for a number of reasons. First, by its own terms, the Guaranty does not provide Okun such a right.[20] Second, at least twice in the Guaranty Okun explicitly waived any right to an offset.[21] Finally, the bankruptcy Court has not yet ruled on the

---

[20] In Clause 2 of the Guaranty, Okun guaranteed "full and prompt payment when due" of the loan indebtedness. In addition, Clause 6 of the Guaranty provides that, "it is the intent and purpose of Guarantor that the obligations under this Guaranty should be absolute, independent and unconditional under any and all circumstances." Wheeler Aff. Ex. A ¶¶ 2, 6.

[21] Wheeler Aff. Ex. A ¶ 3 ("[T]he obligations under this Guaranty . . . will not be reduced, discharged or released because . . . of any existing or future offset, claim or defense of Borrower or any other party against Lender or against payment of the obligations under this Guaranty."); Wheeler Aff. Ex. A ¶ 15(i) ("Guarantor has no defense or offset to the enforcement of this

viability of plaintiff's claims, and, under New York law, a claim that may likely succeed but has not yet been established by final judgment cannot be pleaded as an offset to a claim that is presently due and payable. <u>Termini v. John Arthur Exhibitions</u>, 169 N.Y.S.2d 584, 589 (N.Y. Sup. 1957).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted. The Clerk of the Court is respectfully requested to enter judgment in favor of plaintiff in the sum of $103,501,565.22, which amount includes interest up to March 6, 2008.

**SO ORDERED.**

Dated:   New York, New York
         August 20, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

Guaranty.").

Copies of the foregoing Order have been mailed on this date to the following:

John W. Berry, Esq.
Akin Gump Strauss Hauer & Feld, LLC
590 Madison Avenue
New York, NY 10022-2524

Edward H. Okun
394 S. Hibiscus Drive.
Miami Beach, Fla. 33139

Edward H. Okun
Northern Neck Regional Jail
3908 West Richmond Road
Warsaw, VA 22572